044887/19344/MHW/EAK

# U.S. DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT SAFFOLD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., DANIEL ARTL, RANDY PFISTER, CHRISTOPHER MEDIN, JOHN DOE #1, JOHN DOE #2, GHALIAH OBAISI, Independent Executor of the Estate of SALEH OBAISI,<br><br>　　　　　Defendants. | Case Number  18 cv 3301<br><br>Judge Honorable Judge Virginia M. Kendall |

## **DEFENDANT'S FED. R. CIV. P. 26(A)(1) AND (A)(2) DISCLOSURES**

COMES NOW Defendant, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., by and through her attorneys, CASSIDAY SCHADE LLP, pursuant to this Court's Order dated , and for its Rule 26(a)(1)(A) Initial Disclosures, state as follows:

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

   **(a)    Plaintiff – Robert Saffold is represented by his counsel Lawrence V. Jackowiak. Mr. Saffold is expected to testify as an adverse witness regarding his knowledge of the allegations and circumstances of his claims as set forth in the Plaintiff's pleadings. Mr. Saffold is further expected to testify regarding his medical history, his medical treatment, and physical condition while an inmate of the Illinois Department of Corrections (hereinafter referred to as the "IDOC"), as well as prior and subsequent**

**EXHIBIT F**

thereto, his interactions with any Defendant and any medical or IDOC personnel, his medical conditions, his history and related treatments, and symptoms.

(b) Ghalia Obaisi c/o her attorneys, Cassiday Schade, LLP, 222 W Adams Street, Chicago, IL 60604 (312) 641-3100. Ghalia Obaisi is the widow of deceased defendant Saleh Obaisi, M.D. Ms. Obaisi is expected to testify that she has no knowledge of the Plaintiff; no knowledge of his medical treatment; and no knowledge of his claims.

(c) An Administrator and/or other Representative of Wexford Health Sources, Inc., including but not limited to Arthur Funk, M.D., and/or Neil Fisher, M.D., c/o Wexford's Attorneys, Cassiday Schade, 222 W. Adams Street, Chicago, IL 60604 (312) 641-3100 – This representative is expected to testify regarding the relationship between Wexford Health Sources, Inc. and the Illinois Department of Corrections and any contractual obligations that existed between Wexford Health Sources, Inc., and the Illinois Department of Corrections. This Representative is expected to provide testimony and opinions consistent with his or her deposition in this matter.

(d) Keepers of Records at Stateville, UIC Hospital, and/or any other medical facility in which the Plaintiff received medical treatment – The Keepers of Records are expected to testify to the foundation of their records and that the records are kept in the ordinary course of business. These unknown records custodians are expected to provide testimony and opinions consistent with their depositions in this matter.

(e) Dr. Suncica Volkov – UIC Hospital, 835 S Wolcott st, Chicago 60612, Defendant is not aware if Dr. Volkov is represented by counsel. Dr. Volkov is the Rheumatologist that treated Plaintiff. She is expected to testify regarding her knowledge of the facts and circumstances surrounding the Plaintiff's alleged condition and claims. This

2

witness is expected to testify as to her knowledge of the care and treatment of the Plaintiff, and her knowledge of the Plaintiff's medical history, her recollections, if any, of the Plaintiff, and any discussions with or about, or observations of, the Plaintiff. This witness is expected to testify as to the presence or absence of Plaintiff's alleged condition of a torn shoulder. This witness is expected to lay a foundation for any and all medical records generated by this witness and/or his medical treatment facility. This witness is expected to provide testimony and opinions consistent with her deposition in this matter.

(f) All witnesses disclosed in the Plaintiff's and Co-Defendant's 26(a)(1) disclosures and written discovery responses. Previously Disclosed/Addresses Unknown. Defendant adopts and re-discloses each and every witness identified in the Plaintiff's and CO-Defendant's 26(a)(1) disclosures and written discovery responses as though set forth fully herein.

(g) Stateville Correctional Center Administrative personnel. Address unknown. The Stateville Administrative personnel have yet to be identified with specificity at this time, and therefore, this Defendant reserves the right to seasonably amend the disclosures pursuant to FRCP 26(e). Stateville personnel may be expected to testify concerning the facts giving rise to Plaintiff's claim, including, but not limited to, his injury. Stateville personnel may also testify as to the Stateville grievance process, including, but not limited to, procedures, policies, and review of the Plaintiff's administrative grievances. Also, Stateville personnel may testify as to the IDOC/Stateville records of the Plaintiff including, but not limited to, records contained in the Plaintiff's grievance file or medical file or the facts giving rise to any records contained in any of the Plaintiff's files in possession of

3

**Stateville. The unidentified Stateville personnel are expected to lay a foundation for any relevant Stateville records.**

**(h) Medical Providers at UIC Hospital – 835 S Wolcott st, Chicago 60612. It is expected that Plaintiff's treating providers at UIC Hospital will testify regarding the facts and circumstances surrounding Plaintiff's alleged condition. Plaintiff's treating providers are expected to testify as to their care and treatment of Plaintiff and his clinical presentation. Plaintiff's treating providers are expected to provide any and all of their opinions to a reasonable degree of medical certainty as to Plaintiff's physical state prior and subsequent to his alleged injury. Further, it is expected that they will testify as to their education, training and experience as healthcare providers. In addition, Plaintiff's treating providers at Stateville are expected to testify to their observations of Plaintiff's physical condition; and any medical history, orders, and/or progress notes they created and/or reviewed in relation to their treatment of Plaintiff. Plaintiff's treating providers will testify as to any communications they had with Plaintiff, the Stateville staff members, other health care professionals, and/or others concerning Plaintiff.**

2. A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

| **Document** | **Location** |
|---|---|
| IDOC Medical Records from Stateville Correctional Center | Produced to Plaintiff on download link |
| Plaintiff's IDOC Masterfile Records | Produced to Plaintiff on download link |
| Plaintiff's Medical Records from UIC Hospital | Produced to Plaintiff on download link |
| Plaintiff's ARB Records | Produced to Plaintiff on download link |

3. A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

   NONE

4. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

   a. **Name of the Insured: Saleh Obaisi, M.D.**

   b. **Name of the Carrier: Coverys Specialty Insurance Company;**

   c. **Policy Number: 5-10026;**

   d. **Policy Limits: $3,000,000 per claim;**

   e. **Effective Dates: December 1, 2017, through December 1, 2018.**

**Defendant reserves a right to supplement this disclosure pursuant to Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 26(e).**

## RULE 26(a)(2)(C) Disclosures

**Dr. Suncica Volkov – was Plaintiff's treating rheumatologist.**

**This provider is expected to testify consistently with her deposition given in this case and opinions therein, if given. This provider is expected to testify to her training, education, and experience. This provider is expected to testify to their care, treatment, observations, and interactions with Plaintiff, Robert Saffold, as well as testify to any medical records she may have reviewed during or after their treatment of Plaintiff. She will testify as to the practice of medicine as to diagnosis and treatment of multiple medical conditions, including, without limitation, all medical condition that Plaintiff presented with while seeing this provider. This provider is expected to testify consistently with the medical records and will testify to any and all entries made in the Plaintiff's chart, including but not limited to any and all progress notes, operative notes and orders. This provider is expected to testify to the substance of any medical records they are alleged to have known about, or that are contained in Plaintiff's medical records. This provider will testify to her memory and recollection of this patient and the care rendered to the patient. All of Dr. Volkov's opinions will be provided to a reasonable degree of medical certainty.**

**As to summary of facts and opinions, this provider is expected to testify as to all interactions that she had with the Plaintiff based on her independent and refreshed recollection of the medical records. As to opinions, this provider is expected to testify that at all times, she, and all other UIC medical providers met the standard of care in treating the Plaintiff by acting as a reasonably prudent physician, or other medical provider, would under the same circumstances. In support of these opinions, the witness will rely on her training, education, experience, and the medical records for this Plaintiff. This provider is expected to testify that reasonable medical minds may differ on how to treat a patient, but a difference of medical opinion is not evidence of a deviation from the applicable community standard of medical care.**

        Respectfully submitted,

        CASSIDAY SCHADE LLP

By:  /s/ Edward A. Khatskin
     One of the Attorneys for Defendant, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D.

Edward A. Khatskin
ARDC No. 6319840
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
ekhatskin@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing disclosures was served via email upon the following attorneys of record on October 8, 2019.

ATTORNEYS FOR ILLINOIS DEPARTMENT OF CORRECTIONS:
Nicholas V. Alfonso, Esq.
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street
13th Floor

Chicago IL 60601
(312) 814-7201
nalfonso@atg.state.il.us


Lawrence V. Jackowiak, Esq.
Amanda S. Yarusso, Esq.
Law Offices of Lawrence V. Jackowiak
111 West Washington Street
Suite 1500
Chicago IL 60602
(312) 795-9595
ljackowiak@jackowiaklaw.com
ayarusso@jackowiaklaw.com


                                              /s/ Edward A. Khatskin

9292052 EKHATSKI;EKHATSKI