044887/19344/MHW/EAK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ROBERT SAFFOLD,

        Plaintiff,

v.

ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., DANIEL ARTL, RANDY PFISTER, CHRISTOPHER MEDIN, JOHN DOE #1, JOHN DOE #2, GHALIAH OBAISI, Independent Executor of the Estate of SALEH OBAISI,

        Defendants.

Case Number 1:18-cv-3301

Honorable Judge Virginia M. Kendall

## DEFENDANT'S FIRST AMENDED FED. R. CIV. P. 26(a)(2)(C) DISCLOSURES

COMES NOW Defendant, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., by and through her attorneys, CASSIDAY SCHADE LLP, and for her First Amended Rule 26(a)(2)(C) disclosures states as follows:

## ORIGINAL RULE 26(A)(2)(C) DISCLOSURES

Dr. Suncica Volkov – was Plaintiff's treating rheumatologist.

This provider is expected to testify consistently with her deposition given in this case and opinions therein, if given. This provider is expected to testify to her training, education, and experience. This provider is expected to testify to their care, treatment, observations, and interactions with Plaintiff, Robert Saffold, as well as testify to any medical records she may have reviewed during or after their treatment of Plaintiff. She will testify as to the practice of medicine as to diagnosis and treatment of multiple medical conditions, including, without limitation, all medical condition that Plaintiff presented with while seeing this provider. This provider is expected to testify consistently with the medical records and will testify to any and all entries made in the Plaintiff's chart, including but not limited to any and all progress notes, operative notes and orders. This provider is expected to testify to the substance of any medical records they are alleged to have known about, or that are contained in Plaintiff's medical records. This provider will testify to her memory and recollection of this patient and the care rendered to the patient. All of Dr. Volkov's opinions will be provided to a reasonable degree of medical certainty.

As to summary of facts and opinions, this provider is expected to testify as to all interactions that she had with the Plaintiff based on her independent and refreshed recollection of the medical records. As to opinions, this provider is expected to testify that at all times, she, and all other

**EXHIBIT G**

UIC medical providers met the standard of care in treating the Plaintiff by acting as a reasonably prudent physician, or other medical provider, would under the same circumstances. In support of these opinions, the witness will rely on her training, education, experience, and the medical records for this Plaintiff. This provider is expected to testify that reasonable medical minds may differ on how to treat a patient, but a difference of medical opinion is not evidence of a deviation from the applicable community standard of medical care.

## FIRST AMENDED RULE 26(A)(2)(C) DISCLOSURES

### These disclosures are in addition to the original 26(a)(2)(C) disclosures

1.      **Physician's Assistant LaTanya Williams ("PA Williams") – was Plaintiff's treating Physician's Assistant. She can be contacted through the undersigned counsel.**

> **Edward A. Khatskin**
> **CASSIDAY SCHADE LLP**
> **222 West Adams Street**
> **Suite 2900**
> **Chicago, IL 60606**
> **(312) 641-3100**
> **ekhatskin@cassiday.com**

**PA Williams is an employee of Wexford Health Sources, Inc., and was one of the medical providers that provided medical care to Plaintiff at various times including during a time period from February 7, 2013, to January 30, 2017.**

**This provider is expected to testify to her training, education, and experience. This provider is expected to testify to her care, treatment, observations, and interactions with Plaintiff, Robert Saffold, as well as testify to any medical records she may have reviewed during or after their treatment of Plaintiff. She will testify as to the practice of medicine as to diagnosis and treatment of multiple medical conditions, including, without limitation, all medical condition that Plaintiff presented with while seeing this provider and all medical conditions that were noted in Plaintiff's medical records. This provider is expected to testify consistently with the medical records and will testify to any and all entries made in the Plaintiff's chart, including but not limited to any and all progress notes, operative notes and orders. This provider is expected to testify to the substance of any medical records they are alleged to have known about, or that are contained in Plaintiff's medical records. This provider will testify to her memory and recollection of this patient and the care rendered to the patient. All of PA Williams's opinions will be provided to a reasonable degree of medical certainty.**

**As to summary of facts and opinions, this provider is expected to testify as to all interactions that she had with the Plaintiff based on her independent and refreshed recollection of the medical records. As to opinions, this provider is expected to testify that at all times, she, and all other medical treaters at Stateville Correctional Center met the applicable standard of care in treating Plaintiff. by acting as a reasonably prudent medical provider would under the same circumstances. In support of these opinions, the witness**

will rely on her training, education, experience, and the medical records for this Plaintiff. PA Williams is expected to testify that reasonable medical minds may differ on how to treat a patient, but a difference of medical opinion is not evidence of a deviation from the applicable community standard of medical care.

PA Williams is expected to testify about Plaintiff's receipts of various medical permits during the relevant time-frame and that any decisions to grant or not to grant any specific permit were appropriate. This witness is further expected to testify that upon review of medical records, there is no indication that Plaintiff's alleged injury, occurring on or about July 12, 2016, was caused by a lack of any permit.

2.       Marlene Henze, M.D. - was Plaintiff's treating physician. She can be contacted through the undersigned counsel.

Edward A. Khatskin
CASSIDAY SCHADE LLP
222 West Adams Street
Suite 2900
Chicago, IL 60606
(312) 641-3100
ekhatskin@cassiday.com

Dr. Henze is an employee of Wexford Health Sources, Inc., and was one of the medical providers that provided medical care to Plaintiff at various times including during a time period from December 1, 2018 through January 2019.

This provider is expected to testify to her training, education, and experience. This provider is expected to testify to her care, treatment, observations, and interactions with Plaintiff, Robert Saffold, as well as testify to any medical records she may have reviewed during or after their treatment of Plaintiff. She will testify as to the practice of medicine as to diagnosis and treatment of multiple medical conditions, including, without limitation, all medical condition that Plaintiff presented with while seeing this provider and all medical conditions that were noted in Plaintiff's medical records. This provider is expected to testify consistently with the medical records and will testify to any and all entries made in the Plaintiff's chart, including but not limited to any and all progress notes, operative notes and orders. This provider is expected to testify to the substance of any medical records they are alleged to have known about, or that are contained in Plaintiff's medical records. This provider will testify to her memory and recollection of this patient and the care rendered to the patient. All of Dr. Henze's opinions will be provided to a reasonable degree of medical certainty.

As to summary of facts and opinions, this provider is expected to testify as to all interactions that she had with the Plaintiff based on her independent and refreshed recollection of the medical records. As to opinions, this provider is expected to testify that at all times, she, and all other medical treaters at Stateville Correctional Center met the applicable standard of care in treating Plaintiff, by acting as a reasonably prudent medical provider would under the same circumstances. In support of these opinions, the witness

will rely on her training, education, experience, and the medical records for this Plaintiff. Dr. Henze is expected to testify that reasonable medical minds may differ on how to treat a patient, but a difference of medical opinion is not evidence of a deviation from the applicable community standard of medical care.

Dr. Henze is expected to testify about Plaintiff's receipts of various medical permits during the relevant time-frame and that any decisions to grant or not to grant any specific permit were appropriate. This witness is further expected to testify that upon review of medical records, there is no indication that Plaintiff's alleged injury, occurring on or about July 12, 2016, was caused by a lack of any permit.

3.      Dr. Christian Okezie - was Plaintiff's treating physician. He can be contacted through the undersigned counsel.

Edward A. Khatskin
CASSIDAY SCHADE LLP
222 West Adams Street
Suite 2900
Chicago, IL 60606
(312) 641-3100
ekhatskin@cassiday.com

Dr. Okezie is an employee of Wexford Health Sources, Inc., and was one of the medical providers that provided medical care to Plaintiff at various times including during a time period from August 1, 2018 through October 2018.

This provider is expected to testify to his training, education, and experience. This provider is expected to testify to his care, treatment, observations, and interactions with Plaintiff, Robert Saffold, as well as testify to any medical records he may have reviewed during or after their treatment of Plaintiff. He will testify as to the practice of medicine as to diagnosis and treatment of multiple medical conditions, including, without limitation, all medical condition that Plaintiff presented with while seeing this provider and all medical conditions that were noted in Plaintiff's medical records. This provider is expected to testify consistently with the medical records and will testify to any and all entries made in the Plaintiff's chart, including but not limited to any and all progress notes, operative notes and orders. This provider is expected to testify to the substance of any medical records they are alleged to have known about, or that are contained in Plaintiff's medical records. This provider will testify to his memory and recollection of this patient and the care rendered to the patient. All of Dr. Okezie's opinions will be provided to a reasonable degree of medical certainty.

As to summary of facts and opinions, this provider is expected to testify as to all interactions that he had with the Plaintiff based on his independent and refreshed recollection of the medical records. As to opinions, this provider is expected to testify that at all times, he, and all other medical treaters at Stateville Correctional Center met the applicable standard of care in treating Plaintiff, by acting as a reasonably prudent medical provider would under the same circumstances. In support of these opinions, the witness

will rely on his training, education, experience, and the medical records for this Plaintiff. Dr. Okezie is expected to testify that reasonable medical minds may differ on how to treat a patient, but a difference of medical opinion is not evidence of a deviation from the applicable community standard of medical care.

Dr. Okezie is expected to testify about Plaintiff's receipts of various medical permits during the relevant time-frame and that any decisions to grant or not to grant any specific permit were appropriate. This witness is further expected to testify that upon review of medical records, there is no indication that Plaintiff's alleged injury, occurring on or about July 12, 2016, was caused by a lack of any permit.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: _____

One of the Attorneys for Defendant, Ghaliah Obaisi, as Independent Executor of the Estate of Saleh Obaisi, M.D.

Edward A. Khatskin
ARDC No. 6319840
CASSIDAY SCHADE LLP
222 West Adams Street
Suite 2900
Chicago, IL 60606
(312) 641-3100
ekhatskin@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing disclosures was served via email upon the following attorneys of record on January 23, 2020.

Nicholas V. Alfonso, Esq.
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street
13th Floor
Chicago, IL 60601
(312) 814-7201
nalfonso@atg.state.il.us

Lawrence V. Jackowiak, Esq.
Amanda S. Yarusso, Esq.
Law Offices of Lawrence V. Jackowiak
111 West Washington Street
Suite 1500
Chicago, IL 60602
(312) 795-9595
ljackowiak@jackowiaklaw.com
ayarusso@jackowiaklaw.com

9385806

6