IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT SAFFOLD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 18 CV 3301 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | Chief Judge Rueben Castillo |
| CORRECTIONS, et al., ) | |
| ) | Magistrate Judge Maria Valdez |
| Defendants. ) | |

## AFFIDAVIT OF SHERRY BENTON

I, SHERRY BENTON, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed as a Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections ("IDOC"), otherwise known as the Administrative Review Board ("ARB"). As an ARB Chairperson, my duties involve, among other things, reviewing and responding to grievances filed by Department inmates in the manner set forth herein.

2. Upon arrival to any IDOC correctional facility, inmates are made aware of the rules and regulation of the institution through an IDOC orientation manual and presentation. The inmate orientation includes the process for filing grievances. Counselors are also available if the inmates have any questions about the correctional center's policies and procedures.

3. Inmates incarcerated within the IDOC may file grievances in accordance with Department Rule 504F: Grievance Procedures for Committed Persons. *See* 20 Ill. Adm. Code § 504.800 *et. seq.* (West 2020). Generally, an inmate must first attempt to resolve grievances through

1

his counselor. *Id.* If the grieved issue remains unresolved after such informal efforts, or, for example, involves a disciplinary proceeding, the inmate may submit a written, non-emergency grievance on a grievance form to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO").

4. A grievance shall be filed within 60 of discovery of the incident, occurrence, or problem giving rise to the grievance. The grievance filed must contain factual details regarding each aspect of offender's complaint, including the 'who, what, when, why and where' of the occurrence at issue. This includes the name of the person who the prisoner has a grievance against or a description of the person with as much descriptive detail as possible. Also necessary for resolution is the date of the incident or conduct being grieved by the inmate. After the filing of an inmate grievance, the Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. Upon completion of such investigation, the Grievance Officer's conclusions and, if appropriate, recommended relief, is forwarded to the CAO. The CAO or CAO's designee's decision is then submitted to the grieving inmate.

5. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. The ARB, as the Director's designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. If so, the inmate is so advised. Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and, at the ARB's discretion, calling witnesses. The ARB submits a written report of its findings and recommendations to the Director or Director's designee, who then reviews the report and makes a final determination on

the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance. The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provides no further means for review beyond this step.

6. Certain issues may be filed in a grievance directly to the ARB, rather than first through a counselor or grievance officer. These issues include: (a) Decisions involving the involuntary administration of psychotropic medication; (b) Decisions regarding protective custody placement, including continued placement in or release from protective custody; (c) Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and (d) Other issues except personal property and medical issues which pertain to a facility other than the facility where the inmate is currently assigned. These grievances are then handled in accordance with the procedures described in paragraph 3 above.

7. An inmate may also request a grievance be handled on an "emergency" basis by forwarding the grievance directly to the CAO rather than to a counselor or grievance officer. If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an "emergency" basis. If the CAO determines that the grievance shall be handled on an "emergency" basis, the Grievance Officer shall expedite processing of the grievance. If the CAO determines that "an emergency is not substantiated," the grievance is returned to the inmate with instructions that the "[o]ffender should submit the grievance in the normal manner." At this time, an inmate may re-file their grievance in the normal (non-emergency) manner.

8. For grievances handled by the CAO on an "emergency" basis, but where the inmate is not satisfied with the result, any appeal to the ARB is handled in accordance with the procedure

3

described in paragraph 3 above. For grievances where it is determined by the CAO that "an emergency is not substantiated," but which are nevertheless submitted to the ARB for appeal, the ARB is <u>unable</u> to review the grievance on the merits and therefore returns the grievance to the offender with instructions (i) to resubmit their grievance in the normal manner and (ii) to resubmit their appeal, if necessary, by "[p]rovid[ing] a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response...." *See e.g.*, Appendix at p. 2; *see also* 20 Ill. Adm. Code § 504.800 *et. seq.*

9. The ARB maintains a file on each inmate who has submitted grievances to the ARB, containing copies of those grievances and the responses made. As a Chairperson for the Office of Inmate Issues, I am familiar with and regularly access the ARB files of inmates. At the request of the Attorney General's Office, I personally searched the ARB records of Inmate Robert Saffold ("i/m Saffold"), Register Number B10701, for grievances and appeals concerning TACT operations and shoulder injury, as well as behind-the-back handcuffing, while Saffold was incarcerated at Stateville Correctional Center, in July of 2016.

10. A review of ARB records indicates that the ARB received two (2) grievance/grievance appeal responsive to the search conducted. From those records, it appears i/m Saffold filed a regular grievance at Stateville C.C. on July 12, 2016, and an "emergency" grievance with the CAO of Stateville, Randy Pfister ("Pfister"), on July 13, 2016. Plaintiff's Grievances, as well as Stateville and the ARB's responses, are appended hereto as Exhibit A.

11. Plaintiff's July 12, 2016 grievance described a May 15, 2016 diagnosis of his suffering a "severe case of rheumatoid arthritis," "undifferentiated connective tissue disease w[ith] raynaud's ulcer, with severe rotator cuff tendonitis and impairment syndrome...." (Ex. A). In the grievance, Plaintiff mentions that he was not given a medical permit, and instead suffered severe

4

pain for 3+ hours while handcuffed behind the back by 'Orange Crush' team on an unspecified date. (Ex. A)[ARB Record 95-98]. He further complains that C/O Medin refused to adjust his handcuffs and refused to call for medical treatment. (*Id.*). Plaintiff's 7/12/16 grievance did not specify any date upon which Plaintiff was handcuffed for 3+hours, or the date when Defendant Medin refused to adjust his handcuffs and call for medical attention. (*Id.*).

12. Plaintiff's grievance counselor responded to his 7/12/16 grievance on August 4, 2016. (*Id.*). A second response was sent to Plaintiff on October 21, 2016. (*Id.*). Plaintiff appealed the second response to the ARB on October 23, 2016. (*Id.*). On November 10, 2016, the ARB denied Plaintiff's 10/23/16 grievance appeal. (*Id.*). In its denial, the ARB noted that Plaintiff's 7/12/16 grievance failed to meet the requirements of the Administrative Code (DR 504.810) because the grievance: (1) failed to provide a date for the incident, and; (2) only provided a date of 5/15/16—a date well outside of the 60 day limitations period for grievance appeals. (*Id.*).

13. Plaintiff filed an emergency grievance on July 13, 2016, prior to receiving a reply to his July 12, 2016 regular grievance. (*Id.*)[ARB Record 106-108]. In the 7/13/16 grievance, he again complains of the way he was handcuffed/treated by C/O Christopher Medin during a shakedown at Stateville C.C. (*Id.*). No other IDOC officer or employee is named in the 7/13/16 emergency grievance. (*Id.*).

14. CAO Pfister returned Plaintiff's 7/13/16 grievance to him as "emergency not substantiated" on On July 26, 2016, Plaintiff sent his 7/13/16 emergency grievance directly to the ARB for appeal. (*Id.*). On August 30, 2016, the ARB denied Plaintiff's appeal as lacking sufficient documentation. (*Id.*). The ARB specifically instructed Plaintiff to provide a copy of his original offender's grievance along with the grievance officer and chief administrative officers' response. (*Id.*).

15. Plaintiff never provided the ARB with a full record sufficient to determine his appeal. (*Id.*). As of the date of signing, no further responsive correspondence, grievances and/or appeals have been received by the ARB from i/m Sumlin.

I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_____
SHERRY BENTON

SUBSCRIBED and SWORN to
before me this 10th day of August, 2020.

_____
Notary Public

OFFICIAL SEAL
SARAH L JOHNSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/17/23

6

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: **Saffold** Robert  **B10701**
Last Name / First Name / MI / ID#

Facility: **Sta**

☒ Grievance: Facility Grievance # (if applicable) **not provided.** Dated: **7/13/16** or ☐ Correspondence: Dated: _____

Received: **8/12/16** Regarding: **incident 7/12/16 w/ Tact Team, denied med tx, denied restroom + water, Shoulder issues, etc.**

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☒ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ Date
- ☐ No justification provided for additional consideration.

Other (specify): **Now provide both of the above to this office w/in established timeframes.**

Completed by: **Sherry Benton**    Signature: **S. Benton**    Date: **8/30/16**

Distribution: Offender, Inmate Issues    Printed on Recycled Paper    DOC 0070 (Rev.4/2013)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

B407

| Date: 7-13-2016 | Offender: (Please Print) ROBERT SAFFOLD | ID#: B10701 |
|---|---|---|
| Present Facility: STATEVILLE CORR. CENTER | Facility where grievance issue occurred: STATEVILLE CORR. CENTER | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): ORANGE CRUSH

etn 0863   Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON 7-12-2016 I WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT BY THE TACTICAL TEAM AND THE C/O RUNNING IT C/O MEDINE, I WAS DENIED HEALTH CARE FOR OVER TWO HOUR, DENIED USE OF REST-ROOM, WATER AND FORCED TO SIT DOWN WITH MY HAND BEHIND MY BACK CAUSING SEVERE PAIN FROM 1-10 AN 8-9 LEAVING MY SHOULDER ALL THE WAY TO MY FINGER TIP NUMB, SWOLLEN, AND AN ON AGAIN OFF AGAIN TINGLING FEELING

I AM LISTED AS A CHRONIC CARE PATIENT, WITH A SERIOUS, THOUGH VERY RARE CONDITION (SEE MEDICAL RECORD) MY ON GOING SYMPTOM INCLUDE

**Relief Requested:** MEDICAL TREATMENT MEDICAL RESTRAINT C/O MEDINE FIRED FOR INFLICK CRUEL AND UNUSUAL PUNISHMENT ON ME, FULL INVESTIGATION COMPENSATION FOR PAIN SUFFERED

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Robert Saffold    B10701    7/13/2016
Offender's Signature      ID#       Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name       Counselor's Signature       Date of Response

**EMERGENCY REVIEW**

Date Received: 7/25/16

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

RECEIVED 7/26/16

Chief Administrative Officer's Signature       Date

AUG 12 2016
ADMINISTRATIVE REVIEW BOARD

Distribution: Master File; Offender       Page 1       DOC 0046 (8/2012)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

JOINT PAIN, JOINT SWELLING, STIFFNESS, LOSS OF FLEXIBILITY, WEAKNESS AND FATIQUE, A PERSON WHO HAS RHEUMATOID ARTHRITIS SHOULD NOT BE FORCED TO HAVE HIS HAND BEHIND HIS BACK FOR 3+ HOURS THEN DENIED MEDICAL ATTENTION BY C/O MEDINE FOR OVER TWO HOURS, AM GRATEFUL FOR NURSE PAIGE

    I WAS FORCED TO ENDURE THE PAIN OF MY SHOULDER BEING PULLED BEYOND MY FLEXIBILITY POINT, BY MY HAND BEING FORCED BEHIND MY BACK WITH ONE PAIR OF HAND-CUFFS, I HAVE A TORN ROTATOR CUFF ON ONE SHOULDER AND WHAT WAS CALLED A FROZEN SHOULDER ON THE OTHER ONE, I RECIEVE ANNUAL CORTIZONE SHOTS IN BOTH SHOULDERS, TWO U.I.C. SPECIALISTS WOULD NOT STRETCH MY ARMS BEYOND THE PAIN THRESH-HOLD BUT YET AFTER SEVERAL PLEADINGS WITH THE TACTICAL UNIT AND C/O MEDINE THEY STILL FORCED MY HANDS TOGETHER BEHIND MY BACK CAUSING SEVERE PAIN C/O MEDINE IGNORED MY HEALTH AILMENTS FOR 2 UNTIL'S UNTIL NURSE PAIGE ASKED HIM TO PLACE MY ARMS IN A LESS HURTFUL POSITION

    CAUSING NUMBNESS LIKE TINGLING PAIN IN MY LIMBS, SWELLING, BRUISING, RIGHT NOW ONE HAND IS SWELLING LARGER THAN THE OTHER AND MY WRIST HURT, MY FINGERS TINGLE LIKE THEY'VE FALLEN ASLEEP. I ASKED TO BE TAKEN TO THE HOSPITAL AND WAS TOLD I WOULD HAVE TO PAY $5.00 FOR THE DAMAGE AND PAIN INFLICTED ON MY BODY THIS C/O MEDINE AND THE ORANGE CRUSH I STILL HAVE NOT SEEN A DOCTOR. THIS PRACTICE IS NOT PERMITTED NOR SANCTIONED BY STATEVILLE CORR. CENTER MY ARM, HAND AND FINGERS DO NOT FEEL NORMAL SOMETHING IS WRONG DUE TO NOT HAVING A MEDICAL RESTRAINT PERMIT AND C/O MEDINE NOT CALLING FOR A MED-TEC IN TIME.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Offender: **Saffold** (Last Name) **Robert** (First Name) ___ (MI) **B10701** (ID#)

Facility: **Stateville**

☒ Grievance: Facility Grievance # (if applicable) **3225** Dated: **7/12/16 cond.** or ☐ Correspondence: Dated: _____

Received: **11/2/16** Regarding: **Med ~~writs~~ shown rest. (no dates), Orange Crush**

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
  Office of Inmate Issues
  1301 Concordia Court
  Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
  319 E. Madison St., Suite A
  Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ (Date).
- ☐ No justification provided for additional consideration.

Other (specify): **I/m's gv fails to meet DR 504.810. No date of incident provided. Only date of 5/15/16 refers to assessment by med staff. This date is also over 60-days. failure to meet DR 504-810 for well over 5y/rs.**

Completed by: **Sherry Benton** (Print Name) Signature: **S. Benton** Date: **11/10/16 /sta**

Distribution: Offender / Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.4/2013)

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

Date Received: 8/12/16   Date of Review: 10/20/16   Grievance #3225

ID #: B10701

Committed Person: Robert Saffold

Nature of Grievance: Staff Conduct

Facts Reviewed: On a grievance dated 7/12/16 offender claims that he was handcuffed behind his back for more than 3 hours on an unspecified date. Offender claims that after 15 minutes his arm from the shoulder to fingertips was numb (does not specify which arm). Offender claims that security staff refused to adjust the handcuffs. Offender claims that when he was seen by a med tech his hands were swollen and numb, his shoulder was painful and his blood pressure was high. Offender claims that he is still experiencing pain, bruising on his wrist, swelling and numbness in hands and fingers.

Counselor Dennis responded that "The Northern Region Tactical Commander Lt. D. Artl stated medical was present for any issues and restraints were adjusted in the Dining Room as needed. On 8/04/16 Saffold's medical chart indicates he was seen on 7/29/16 for pain in his right shoulder."

Grievance Officer finds that the counselor correctly addressed the issue. Offender is advised to sign up for sick call in order to address any medical concerns.

Recommendation: Based upon a total review of all available information it is the recommendation of this Grievance Office that the offender's grievance be DENIED due to no substantiation that staff acted improperly; offender was seen by medical staff.

David Mansfield, CCII
Print Grievance Officer's Name         Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 10/20/16   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

Chief Administrative Officer's Signature         Date: 10/21/16

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Robert Saffold
Committed Person's Signature   ID#: B10701   Date: 10-23-2016

Distribution: Master File; Committed Person   Page 1   DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

B409

| Date: 7-12-2016 | Offender: (Please Print) ROBERT SAFFOLD | ID#: B10701 |
|---|---|---|
| Present Facility: STATEVILLE CORR. CENTER | Facility where grievance issue occurred: STATEVILLE CORR. CENTER | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___ Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): ORANGE CRUSH

Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I HAVE A SERIOUS MEDICAL CONDITION IN WHICH I MUST TAKE MEDICATION FOR REST OF MY NATURAL LIFE AS WELL AS SEE SPECIALIST FROM THE UIC HOSPITAL WHO SPECIALIZE IN SEVERE CASE OF RHEUMATOID ARTHRITIS AS RECENTLY AS 5-15-2016 MY ASSESSMENT FROM TWO RHEUMOTOLOGIST FROM THE UIC TO STATEVILLE WAS, UNDIFFENTIATED CONNECTIVE TISSUE DISEASE W/ RAYNAUD'S ULCER WITH SEVERE ROTAR CUFF TENDINITIS AND IMPAIRMENT SYNDROME AFFECTING BOTH SHOULDER & HANKIN' R? - LATERALLY ACTIVE ABDUCTION & LIMITED INTRIMUS ROTATION, TWO SPECIALIST TESTED MY RANGE OF MOTION AND SAID I HAVE SOMETHING

**Relief Requested:** TREATMENT, PERMIT MEDICAL RESTRAINT AND R/O MIDEEN FROM THE ORANGE CRUSH TERMINATED, COMPENSATION FOR PAIN AND SUFFERING

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Robert Saffold / B10701 / 7/12/2016
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

### Counselor's Response (If applicable)

Date Received: 7/21/16
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The Northern Region Tactical Commander, Lt. O. Astell stated medical was present for any issues and restraints were adjusted in the dining room as needed. Offly Saffold's medical chart indicates he was seen on 7/29/16 for pain in his right shoulder.

C. Dennis / Dennis / 8/4/16
Print Counselor's Name / Counselor's Signature / Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ / ___/___/___
Chief Administrative Officer's Signature / Date

Distribution: Master File; Offender | Page 1 | DOC 0046 (8/2012)

Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

CALLED FROZEN SHOULDER - MEANING NO CUFF BEHIND MY BACK EVERY TIME I GOT OUT I WERE MEDICAL RESTRAINT, I WAS NOT GIVEN A PERMIT, INSTEAD SUFFERED ON A SCALE OF 1-10 AN 8.9 FOR 3+ HR WHILE HAND-CUFFED BEHIND MY BACK BY ORANGE CRUSH AT 275 lb. IT IS CLEAR THAT MY ARM DO NOT BEND LIKE SMALLER PEOPLE, I AM NO CONTORTIONIST AFTER 15 MIN BEING CUFFED LIKE THIS MY SHOULDER DOWN TO MY FINGER TIP WERE NUMB, THE ORANGE CRUSH REFUSED TO ADJUST CUFF AND TO CALL FOR A MED TEC. AFTER AN HOUR MY SHOULDER ACHED AND MY HAND WERE SWOLLEN, NO BLOOD WAS GETTING TO MY FINGER I CALLED FOR A MED-TEC AND C/O MCQUEEN REFUSED TO CALL FOR MEDICAL TREATMENT I STARTED GETTING DIZZY AND SEEING SPOT AND WALKED TO THE FRONT OF THE DINING HALL ONLY TO WAIT FOR MEDICAL ASSISTANCE FOR WELL OVER AN HOUR, I SEEN MED-TEC "PAIGE" MY HAND WERE SWOLLEN AND NUMB, ALONG WITH LIMITED MOTION IN MY SHOULDER WITH SEVERE PAIN MY B/P WAS HIGH THROUGH AND INCLUDING THE TIME OF THIS WRITING MY FINGER STILL HAVE NOT REGAINED THE FULL BLOOD FLOW WITH OUT NUMBNESS AND TINGLING, THE CUFF MARKED ARE STILL ON MY WRIST, I AM IN PAIN, I SHOULD HAVE HAD A PERMITT AFTER BENDING MY ARM AND SHOULDER TO FIT UNCOMFORTABLY BEHIND MY BACK, I HAVE BRUISE ON MY WRIST AND I FEELING ON SWELLING AND NUMBNESS IN MY HAND AND FINGER

END of GRIEVANCE.
Robert S. Mold